Filed 2/23/23  In re N.W. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re N.W. et al., Persons Coming Under the Juvenile Court Law. | D080974 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>E.C.,<br><br>        Defendant and Appellant. | (San Diego County Super. Ct. No. EJ4771A-B)<br><br>ORDER RECALLING REMITTITUR, MODIFYING OPINION AND DIRECTING ISSUANCE OF NEW REMITTITUR<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

On this court's own motion, it is ordered that the remittitur that issued in this case on February 15, 2023, be recalled.  We may recall a remittitur for "good cause."  (Cal. Rules of Court, rule 8.272(c)(2); *Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 166 ["order recalling the remittitur was the appropriate procedural mechanism to correct the clerical error"].)  Here, the need to make the corrections identified below to the

opinion filed herein on February 15, 2023, is "good cause" to recall the remittitur.

It is ordered that the opinion filed herein on February 15, 2023, be modified as follows:

1. On page 2, line 1, the sentence beginning "E.C. (Mother)" is deleted and replaced with a new sentence, which reads:

   E.C. (Mother) appeals from the juvenile court's rulings at the contested jurisdiction and disposition hearing held on September 20, 2022, with respect to her daughter, A.R.

2. Footnote 1 remains in place following the new sentence.

3. On page 5, line 9, the sentence beginning "The juvenile court's" is deleted and replaced with a new sentence, which reads:

   The juvenile court's rulings at the jurisdiction and disposition hearing with respect to A.R. are conditionally reversed.

4. On page 5, line 12, the sentence beginning "If, after" is deleted and replaced with a new sentence, which reads:

   If, after completing its inquiry, neither the Agency nor the juvenile court has reason to believe or know A.R. is an Indian child, the court's rulings with respect to A.R. shall be reinstated.

There is no change in the judgment.

Given the importance of expediency and need for finality, and having received no objection to the issuance of the February 15, 2023 remittitur, we direct the Clerk of the Court to issue a new remittitur.

McCONNELL, P. J.

Copies to: All parties

2

Filed 2/15/23  In re N.W. CA4/1 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re N.W. et al., Persons Coming Under the Juvenile Court Law. | D080974 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> E.C., <br><br> Defendant and Appellant. | (San Diego County Super. Ct. No. EJ4771A-B) |

APPEAL from an order of the Superior Court of San Diego County, Gary M. Bubis, Judge.  Conditionally reversed and remanded with directions.

Landon Villavaso, under appointment by the Court of Appeal, for Defendant and Appellant.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, Jesica N. Fellman, Deputy County Counsel, for Plaintiff and Respondent.

E.C. (Mother) appeals from the juvenile court's order terminating her parental rights for her son, A.R.[1] Mother's sole claim on appeal is that substantial evidence does not support the juvenile court's finding that the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.) did not apply. San Diego County Health and Human Services Agency (the Agency) concedes that a limited remand is appropriate to ensure ICWA compliance. We accept the Agency's concession, conditionally reverse, and remand for compliance with ICWA.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2022, the Agency initiated this dependency proceeding under Welfare and Institutions Code section 300 subdivision (b)(1)[2] on behalf of A.R. and N.W. The Agency alleged there was a substantial risk the children would suffer serious physical harm due to violent physical altercations in the family home between Mother and her male companions. The Agency also alleged Mother relapsed on alcohol after completing a substance abuse treatment program, continued to use alcohol to excess and was unable to provide regular care for the children.

The Agency's detention report stated that Mother and N.W.'s father denied any Indian Ancestry. Later that month, Mother and N.W.'s father both filed a parental notification of Indian status indicating no Indian ancestry. The Agency was unable to determine if A.R.'s father has Indian ancestry because he is deceased. At the June 2022 detention hearing, based

---

[1] The father did not file an appeal and Mother makes no claims of error as to N.W.

[2] All further section references are to the Welfare and Institutions Code unless otherwise indicated.

on the Agency's report and the parent's representations, the juvenile court found the Indian Child Welfare Act did not apply.

The Agency's July 2022 jurisdiction/disposition report indicated that Mother again denied any Native American ancestry in a conference with a social worker. A social worker from the Agency also spoke to the following extended family members: maternal grandmother, maternal uncle, and the maternal aunt. The maternal relatives denied having any information that Mother has Indian ancestry, with the maternal grandmother further denying that she had any information A.R. and N.W. are Indian children. The social worker also had the names of four paternal relatives of A.R. and attempted to contact them, but there is no indication the attempts were successful or that the Agency attempted to ask them about A.R.'s Indian ancestry.

In September 2022, the juvenile court held a contested jurisdiction and disposition hearing, adopted the Agency's recommendation, and removed the children from Mother's custody. Mother appealed from that order, challenging only the court's ICWA finding as to A.R.

DISCUSSION

Congress enacted ICWA to address concerns regarding the separation of Indian children from their tribes through adoption or foster care placement with non-Indian families. (*In re Isaiah W.* (2016) 1 Cal.5th 1, 7.) Under California law adopted pursuant to ICWA, the juvenile court and Agency have an "affirmative and continuing duty to inquire" whether a child "is or may be an Indian child." (§ 224.2, subd. (a); see *Isaiah W.*, at p. 9.)

"[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings. First, from the Agency's initial contact with a minor and his family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).)

3

Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.*, subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply." (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052 (*D.S.*).)

A juvenile court finding that ICWA is inapplicable generally implies that the Agency has fulfilled its inquiry duty. (See *In re Austin J.* (2020) 47 Cal.App.5th 870, 885 [a finding that "ICWA does not apply" implies social workers and court "did not know or have a reason to know the children were Indian children and that social workers had fulfilled their duty of inquiry"].) We review ICWA findings for substantial evidence, but "where the facts are undisputed, we independently determine whether ICWA's requirements have been satisfied." (*D.S., supra*, 46 Cal.App.5th at p. 1051.)

Mother contends substantial evidence does not support the court's finding that ICWA did not apply to A.R.'s juvenile dependency proceeding. Mother argues the Agency failed to satisfy its duty to interview paternal relatives who had information relevant to whether A.R. is an Indian child. The Agency concedes it failed to conduct sufficient ICWA inquiry as to A.R. "The Agency agrees the record does not demonstrate that ICWA inquiry was conducted with several of A.R.'s extended family members."

The Agency contacted four paternal relatives about whether they were interested in the "care and placement" of A.R. while she was in protective custody. The paternal relatives were also informed "the preference for relative placement is by law applicable at disposition," but that opportunity "may diminish" as A.R.'s case progresses. The record does not, however,

4

reflect any attempt by the Agency to discuss Indian ancestry with the paternal relatives. Because there was readily obtainable information that was likely to bear meaningfully upon whether A.R. is an Indian child, the Agency failed in its duty of initial inquiry. (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744 [conditionally reversing order terminating parental rights where the social services agency never asked any " 'extended family members' " whether the minor "has Indian ancestry on his paternal side"].)

## DISPOSITION

The juvenile court's order terminating Mother's parental rights for A.R. is conditionally reversed. The matter is remanded to the juvenile court with directions to comply with the inquiry provisions of ICWA and section 224.2 (and, if applicable, the notice provisions under section 224.3). If, after completing its inquiry, neither the Agency nor the juvenile court has reason to believe or reason to know A.R. is an Indian child, the order terminating parental rights shall be reinstated. If the Agency or the juvenile court has reason to believe or reason to know A.R. is an Indian child, the juvenile court shall proceed accordingly. Remittitur shall issue immediately.

McCONNELL, P. J.

WE CONCUR:

IRION, J.

DATO, J.

5